## CLUTE v. CLUTE.

SPECIFIC PERFORMANCE—ORAL CONTRACT—EVIDENCE—SUFFICIENCY—BURDEN OF PROOF.

> In a suit by a son for the specific performance of an alleged oral contract whereby his father was to build a house on his farm for the son, who was to work the land, give his father one-half of the crops, help his father work another farm, and at the latter's death, be left the farm, evidence *held*, insufficient to meet the burden of proof resting upon the son to establish the contract and performance on his part.[1]

Appeal from Cass; Des Voignes (L. Burget), J. Submitted January 7, 1925. (Docket No. 34.) Decided April 3, 1925.

Bill by William Clute against John Clute and Joseph

[1]Specific Performance, 36 Cyc. p. 786 (1926 Anno).

K. Ritter for the specific performance of a land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*William J. Barnard,* for plaintiff.

*Harry C. Howard,* for defendant Clute.

*Asa K. Hayden,* for defendant Ritter.

FELLOWS, J. The plaintiff is the son of defendant John Clute, and files this bill for the specific performance of a contract he claims to have made with his father in the spring of 1911. John Clute owned the 77-acre farm in Porter township, Cass county, involved in this suit and other lands. Plaintiff's claim is thus clearly and tersely stated by his counsel in his brief:

"It is the claim of the plaintiff that the defendant, John Clute and his wife, entered into an arrangement, agreement and understanding in April, 1911, for the plaintiff to move on to the land in question, and that the defendant would build a house for the plaintiff and he should work for the defendant on said farm together with the farm owned by the defendant; plaintiff to have one-half he could raise on the land in question, and at the death of the defendant the same should be left to the plaintiff absolutely in fee simple."

Plaintiff also claims that defendant Ritter who purchased the farm from John Clute in June, 1923, had notice of his claims, at least by his occupancy, and purchased subject to his rights. Defendant John Clute denies that any such agreement as claimed by plaintiff was made. It is his claim that plaintiff was living over in Van Buren county and was faring quite indifferently and that he assisted him materially in getting along, furnishing him fuel and provisions; and that they finally came to the conclusion that it would be better for all concerned if plaintiff should work

part of defendant's land and be nearer home; that he built a new house on the land in question and plaintiff and his family moved in; that plaintiff during the first seven years he was there did not give him his share of the crops and that for some four years defendant had been trying to sell the farm with plaintiff's knowledge, and without protest or assertion of claim on the part of plaintiff.   Defendant Ritter claims that before he bought the land his agent had a talk with plaintiff and was led to believe that plaintiff's rights were that of a tenant only.

The trial judge who heard and saw the witnesses reached the conclusion that plaintiff had not made out a case and dismissed his bill.   A careful reading of this record is convincing that he reached a right result.   The testimony of plaintiff supported by that of his wife is in direct conflict with that given by defendant John Clute.   Some of the neighbors testified to statements made by the father to the effect that he was building the house for Will, that he expected the farm would be Will's when he was done with it, and other statements of similar purport.   But these statements were as consistent with the idea that defendant intended to divide his property, when he was through with it, between his two sons by giving plaintiff this farm and the other son the other farm, as they were with the theory that contract relations existed.   The surrounding circumstances, the way the parties dealt with each other and particularly the conduct of the plaintiff during all the years is convincing that the contract was not made as claimed by plaintiff.   If the contract was made as he claims, he most certainly breached it in its material provisions.   Although the father built a new house and materially aided plaintiff, particularly before and during his first year on the farm, and during the time of plaintiff's occupancy paid the taxes, the son for a

number of years did not account and turn over to his father his share of the crops and even after the father became insistent he had difficulty in obtaining his share. Plaintiff did not assist his father in working the other land except as they changed work as neighboring farmers do, and during the four years the father was attempting to sell the farm with the knowledge of plaintiff, he never protested against such sale or asserted any rights in the land; indeed, on two occasions he attempted to buy it through other parties; when he learned that defendant Ritter contemplated buying he made no claim that he had a contract for the farm and not until after the deal was consummated did he assert the rights he now claims. To entitle plaintiff to a decree for specific performance, the burden rests on him to establish the contract and performance on his part. When we take into consideration all the surrounding circumstances and all that appears in this record, we reach the conclusion that he has failed to meet the burden in both particulars.

The decree will be affirmed, with costs of this court.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.